IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| DAMON G. HARRIED | * |
| *Plaintiff*, | * |
| v. | *   Case No. 1:21-cv-03081 LKG |
|  | * |
| HORSESHOE CASINO BALTIMORE | * |
| *Defendant*. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS BASED ON FAILURE TO STATE A CLAIM AND LACK
OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE,
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant is improperly designated as Horseshoe Casino Baltimore (hereafter, "Horseshoe Casino"). The proper Defendant is Caesars Baltimore Management Company LLC (hereafter, "Caesars Baltimore") and its undersigned counsel, Donald F. Burke, attorney with the law offices of Semmes, Bowen & Semmes, files this Memorandum of Law in Support of its Motion to Dismiss Based on Failure to State a Claim and Lack of Personal Jurisdiction or, in the alternative, Motion for Summary Judgment. Defendant's grounds for dismissal are set forth below and include: (a) failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), as Plaintiff's Complaint is devoid of any facts or allegations related to Defendant and (b) this Honorable Court's lack of personal jurisdiction over Defendant pursuant to Fed. R. Civ. P, 12(b)(2). In the alternative, Defendant's grounds for summary judgment are set forth below and include: (a) the absence of any genuine material fact, pursuant to Fed. R. Civ. P. 56. and (b) wrong/non-existent corporate entity served with process as the defendant.

1

I.  INTRODUCTION

On or about December 2, 2021, *pro se* Plaintiff, Damon G. Harried (hereafter, "Plaintiff" or "Mr. Harried") filed a Complaint against Defendant asserting discrimination in his employment under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Family Medical Leave Act of 1993. ( ECF No. 1.) Plaintiff states in his Complaint that the alleged retaliatory termination of his employment occurred on November 9, 2019. (ECF No. 1.) Mr. Harried alleges in his Complaint that Defendant "terminated me for using my approved FMLA." ( ECF No. 1.) In his Complaint's Statement of Claim, Mr. Harried further alleges that "Casino retaliated against me for using FMLA on 10-30-19 through 11-5-19. The staff shortages of the casino was blamed on me. That's why I was fired on 11-9-19." (ECF No. 1.) On or about March 24, 2022, Plaintiff served process on Defendant located in Baltimore, Maryland.

None of the facts or allegations in Plaintiff's Complaint offer any averment, statement or evidence that this Court has jurisdiction over Defendant. In zeal to cast blame for his termination, Plaintiff has filed a Complaint devoid of any specific facts or allegations that could possibly be actionable against Defendant.

Plaintiff's ill-defined Complaint should be dismissed as, without any facts or allegations to support a lawsuit against Defendant, he fails to state a claim upon which relief can be granted. Additionally, this case should be dismissed given that this Court has no personal jurisdiction over Defendant. In the alternative, Defendant is entitled to summary judgment as Plaintiff filed suit against, and served process on, the wrong corporate entity.

II.  FACTUAL & PROCEDURAL BACKGROUND

Mr. Harried is a former employee at Caesars Baltimore Management Company LLC

(hereafter, "Caesars Baltimore"). He alleges that he had used his approved FMLA leave from October 30, 2019 through November 5, 2019. Mr. Harried further alleges that his employer (Caesars Baltimore) blamed him for the casino's staff shortages and, following his use of approved FMLA Leave, terminated his employment on November 9, 2019.

Mr. Harried filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (hereinafter, "EEOC") on or about February 13, 2020. The EEOC dismissed his case and issued Mr. Harried a Notice of Right to Sue on or about August 19, 2020. The EEOC's Notice of Right to Sue granted Mr. Harried ninety (90) days to file a lawsuit alleging discrimination on the grounds stated in his Charge of Discrimination. Caesars Baltimore does not have a copy of the Charge of Discrimination but does have a copy of the "Notice of Suit Rights" (ECF No. 1.)

On November 13, 2020, Mr. Harried, as a self-represented plaintiff, filed this employment discrimination lawsuit against Horseshoe Casino. He filed the Complaint via this Court's drop box. When the Clerk's office staff processed Mr. Harried's Complaint, they mistook it for outgoing mail and mailed it back to Mr. Harried. (ECF No. 3.)

On or around December 2, 2021 (over a year after Mr. Harried filed the Complaint), the Clerk's office realized this error and filed the Complaint with this Court on Mr. Harried's behalf. (ECF No. 1.)

On February 22, 2022, this Honorable Court issued an Order in this action. (ECF No. 3.) The Court noted that Plaintiff's supplied summons form (ECF Nos. 1-2) did not appear to have the correct information for service on a corporate defendant. (ECF No. 3.) Allowing the otherwise untimely Complaint to be filed and received, this Court indicated that service of process on corporations and associations may be made pursuant to Fed. R. Civ. P. 4(h) and that

3

Plaintiff may contact the State Department of Assessments and Taxation to obtain the name and service address for the resident agent of a corporate defendant. (ECF No. 3.) The Order required that: (1) the Clerk's office was to mail to Mr. Harried a copy of the Order, together with one copy of the U.S. Marshal service of process form, summons form, and an in forma pauperis form; (2) Mr. Harried was granted twenty-one (21) days from the date of the Order to complete the necessary forms and return them to the Clerk; and (3) Mr. Harried was cautioned that failure to timely return the completed forms may result in the dismissal of this case, without prejudice and without further notice from the Court. (ECF No. 3.)

Horseshoe Casino, the wrong (and non-existent) entity, was improperly served with process on or about March 24, 2022 by certified mail. Defendant now files this Memorandum of Law in Support of its Motion to Dismiss Based on Failure to State a Claim and Lack of Personal Jurisdiction or, in the Alternative, Motion for Summary Judgment.

### III. ARGUMENT

#### A. Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) due to the failure to state a claim upon which relief can be granted.

#### 1. Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering such a motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Id.* at 244. A plaintiff's obligation to provide the ground of his entitlement to relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must sufficiently allege facts to allow the Court to infer that all elements of

4

each of its causes of action exist. *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344-46 (4th Cir. 2006), *reh'g en banc denied*, 467 F.3d 378 (4th Cir. 2006), cert. denied, 549 U.S. 1362 (2007).

In deciding the defendant's motion to dismiss, the court "may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment." *Clorox Co. P.R. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000)(internal citations omitted); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (same).

If matters outside the pleadings are presented to and not excluded by the court in a motion made pursuant to Fed. R. Civ. P. 12(b)(6), the motion must be treated as one for summary judgment under Fed. R. Civ. P. 56(d). If the motion is converted to one for summary judgment, the court must view the facts, and the inferences to be drawn in light of those facts, in the light most favorable to the party opposing the motion. *Ross v. Communication Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985). Summary judgment is proper where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

**2. Fed. R. Civ. P. 12(b)(6) supports the dismissal of Plaintiff's Complaint.**

Plaintiff is obligated to provide the grounds of his entitlement to relief, which requires more than mere conclusions and a recitation of irrelevant facts. *See Twombly*, 550 U.S. at 555.

5

Plaintiff's Complaint lacks any facts or allegations as to the basis of his lawsuit against Horseshoe Casino for the alleged discriminatory termination of his employment under the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. § 12112 to 12117 ("ADA") or the Family Medical Leave Act, as codified, 29 U.S.C. 2615(a)(1) ("FMLA").  As such, Plaintiff cannot be permitted to proceed against Defendant Caesars Baltimore, who he fails to assert any legal claims against in his Complaint.

### a. Title VII of the Civil Rights Act of 1964

There are two approaches a plaintiff may take to prove a Title VII violation. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004) (en banc) (*recognized in Foster v. Univ. of Maryland-E . Shore*, 787 F.3d 243, 249 (4th Cir. 2015), as *overruled on other grounds by Univ. of Texas Sw. Med. Ctr. V. Nassar*, 570 U.S. 338 (2013)).  The first approach is to offer direct evidence of discrimination under ordinary principles of proof. *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016).

Where there is no direct evidence of intentional discrimination, a plaintiff may proceed with disparate treatment claims under the second method: the burden-shifting approach described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Id.*  Under this framework,

> (1) the plaintiff must first establish a *prima facie* case of employment discrimination or retaliation; (2) the burden of production then shifts to the employer to articulate a non-discriminatory or non-retaliatory reason for the adverse action; (3) the burden then shifts back to the plaintiff to prove by a preponderance of the evidence that the stated reason for the adverse employment action is a pretext and that the true reason is discriminatory or retaliatory.

*Id.*

The Fourth Circuit has held that a Title VII plaintiff relying on indirect evidence may establish a *prima facie* case of discrimination by showing that "(1) he is a member of a protected

class; (2) he suffered adverse employment action; (3) he was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class." *Hill*, 354 F.3d at 285.

Here, Plaintiff neither offers direct proof of discrimination nor establishes a *prima facie* case of employment discrimination or retaliation. Although the Complaint indicates that he is bringing suit for discrimination under Title VII, Plaintiff fails to show that he is a member of a protected class. The Complaint does not even indicate whether Plaintiff alleges that Defendant discriminated against him on the basis of race, color, religion, sex or national origin. Thus, Plaintiff has failed to plead a *prima facie* case of retaliation under Title VII with respect to his alleged discriminatory termination of his employment. Accordingly, this Court should dismiss Plaintiff's lawsuit.

### b. Americans with Disabilities Act of 1990

As a threshold matter in a claim under the ADA, a plaintiff must show that he or she is a qualified individual with a disability. A qualified individual with a disability is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds." 42 U.S.C. § 12111(8). To establish that he is a qualified individual, the Plaintiff must prove that (a) he was disabled when discharged and (b) he was qualified to perform the essential functions of his position. *Id.*; *Munoz v. Balt. Cnty.*, No. RDB-11-2693, 2012 WL 3038602, at *7 (D.Md. July 25, 2012).

To establish a *prima facie* case of disability discrimination under the ADA, the Plaintiff must demonstrate (1) that he has a disability, (2) that he is a "qualified individual" for the employment in question, and (3) that his employer took an adverse employment action because

of his disability. *See Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 572 (4th Cir. 2015); *EEOC v. Stowe-Pharr Mills, Inc.*, 216 F.3d 373, 377 (4th Cir. 2000). Disability may be proven through direct and indirect evidence or through the McDonnell Douglas burden-shifting framework. *See Raytheon Co. v. Hernandez*, 540 U.S. 44, 49-50 & n. 3, 124 S.Ct. 513, 157 L.Ed.2d 357 (2003).

Here, Plaintiff has failed to plead a *prima facie* case of disability discrimination under the ADA with respect to the alleged retaliatory termination of his employment. In his Complaint, Plaintiff merely states that Horseshoe Casino discriminated against him based on disability because Horseshoe Casino "terminated me for using my approved FMLA." (ECF No. 1.) In his Complaint's Statement of Claim, Plaintiff further alleges that "Casino retaliated against me for using FMLA on 10-30-19 through 11-5-19. The staff shortages of the casino was blamed on me. That's why I was fired on 11-9-19." (ECF No. 1.) Not once in his Complaint does Plaintiff (1) explain or communicate to Defendant the nature of any disability that he has, (2) show that, despite his disability, he is a "qualified individual" for his employment, or (3) establish that his disability was the reason for his November 9, 2019 termination from employment. He merely alleges that Horseshoe Casino discriminated against him based on disability because he used his approved FMLA leave and was terminated thereafter. Plaintiff never alleges that he, at any time, informed his employer that he has a disability, much less a disability covered under the ADA. As such, Plaintiff fails to state a claim of disability discrimination under the ADA and this Court should dismiss Plaintiff's lawsuit accordingly.

### c. Family Medical Leave Act of 1993

The FMLA creates two types of claims: "(1) 'interference,' in which the employee alleges that an employer denied or interfered with [his] substantive rights under the FMLA, and

(2) 'retaliation,' in which the employee alleges that the employer discriminated [him] for exercising [his] FMLA rights." *See Edusei v. Adventist Healthcare, Inc.*, DKC-13-0157, 2014 WL 3345051, at *5 (D.Md. July 7, 2015) (quoting *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 294-95 (4th Cir. 2009)). An interference claim "'merely requires proof that the employer denied the employee his entitlements under the FMLA[.]'" *Bosse v. Baltimore City*, 692 F.Supp.2d 574, 588 (D.Md. 2010) (quoting *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1051 (8th Cir. 2006)). However, a retaliation claim requires "'proof of retaliatory intent.'" *Id.* at 588 (quoting *Stallings*, 447 F.3d at 1051); *see also Edusei*, 2014 WL 3345051, at *6.

To establish a *prima facie* case for an FMLA retaliation claim, a plaintiff must show that: (1) he engaged in activity protected by the FMLA; (2) he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment decision. *See, e.g., Fry v. Rand Constr. Corp.*, 964 F.3d 239 (4th Cir. 2020); *Wright v. Southwest Airlines*, 319 Fed.Appx. 232, 233 (4th Cir. 2009) (quoting *Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004); *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998). A plaintiff may prove an FMLA retaliation claim through direct evidence, or by relying on the McDonnell Douglas burden-shifting framework. "Direct evidence encompasses 'conduct or statements' that both (1) 'reflect directly the alleged discriminatory attitude,' and (2) 'bear directly on the contested employment decision.'" *Laing v. Fed. Exp. Corp.*, 703 F.3d 713, 717 (4th Cir. 2013) (quoting *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 520 (4th Cir. 2006)).

Plaintiff has failed to establish a *prima facie* case of retaliation under the FMLA against Defendant concerning his November 9, 2019 termination from employment. Although Plaintiff alleges that he was engaged in protected activity under the FMLA (his use of approved FMLA leave from October 30, 2019 through November 5, 2019) and that he suffered an adverse

employment action (his November 9, 2019 termination from employment), he has failed to show that there was a causal connection between his use of approved FMLA leave from employment and his November 9, 2019 employment termination. As previously mentioned, Plaintiff merely states in his Complaint that Horseshoe Casino discriminated against him based on disability because Horseshoe Casino "terminated me for using my approved FMLA" and further alleges that "Casino retaliated against me for using FMLA on 10-30-19 through 11-5-19. **The staff shortages of the casino was blamed on me. That's why I was fired on 11-9-19.**" (emphasis supplied). Nowhere in his Complaint does Plaintiff offer direct evidence or otherwise of any retaliatory intent with respect to his November 9, 2019 termination from employment. Moreover, Plaintiff asserts and admits in his Complaint that Horseshoe Casino approved his requested FMLA leave. As such, Plaintiff fails to state a claim of retaliation under the FMLA and, accordingly, this Court should dismiss Plaintiff's lawsuit against Horseshoe Casino.

Plaintiff's Complaint is devoid of any facts or allegations regarding the basis of his lawsuit against Defendant for the termination of his employment under Title VII, the ADA or the FMLA. As such, Plaintiff cannot be permitted to proceed against Defendant and this lawsuit should be dismissed.

> **B. Plaintiff's Complaint should be dismissed because this Court has no personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).**
>
> **1. Standard of Review**

When a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving grounds for jurisdiction by the preponderance of the evidence. *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993). This requires the plaintiff to produce competent evidence to sustain jurisdiction. *Nichols v. G.D. Searle & Co.*, 783 F.Supp. 233, 235 (D. Md. 1992). If the court is deciding the issue without a hearing, the

plaintiff is only required to make a *prima facie* showing of jurisdiction. *Mylan*, 2 F.3d at 60. In considering "all relevant pleading allegations in the light most favorable to the plaintiff," the court must draw all "reasonable inferences" from the proof offered by the parties in the plaintiff's favor. Id. at 60-62. The court is "not required…to look solely to the plaintiff's proof in drawing [all reasonable inferences in the plaintiff's favor]," and may also look at defendant's assertions and proffered proof regarding defendant's lack of contacts with the forum. *Mylan*, 2 F.3d at 62.

Absent waiver or consent, a failure to obtain proper service on the Defendant deprives the court of personal jurisdiction over the Defendant. *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) ("Since there was no valid service of process [on plaintiff's employer], the district court was without jurisdiction of the defendant"); *Hawkins v. MV Transportation, Inc.*, 2017 WL 571657, at *4 (D. Md. Nov. 27, 2017).

> **2. Fed. R. Civ. 12(b)(2) supports the dismissal of Plaintiff's Complaint because this Court lacks personal jurisdiction to adjudicate this case due to Plaintiff's insufficient process.**

This Court lacks personal jurisdiction over Defendant. As previously stated, Horseshoe Casino is the improperly designated defendant in this action. Horseshoe Casino is a non-existent corporate entity and not the employer of Plaintiff. The proper defendant to be served with process is Caesars Baltimore, who was Plaintiff's former employer. As clearly mandated in Magistrate Judge Gesner's Order on February 22, 2022 (ECF No. 3.), since the Plaintiff's Summons did not appear to have the correct information regarding service on a corporate defendant, Mr. Harried was encouraged to contact the Maryland State Department of Assessments and Taxation to obtain the name and service address for the resident agent of the

corporate defendant. Had Mr. Harried obeyed the Order he would have found that since August 7, 2012, in Maryland "Horseshoe Baltimore Casino" has been a registered Trade Name, not a corporation. See Exhibit "A." Further examination would have disclosed that the correct corporate name of his employer since July 27, 2011 is Caesars Baltimore Management Company, LLC. Moreover, the Maryland State Department of Assessments and Taxation's records disclose that the Resident Agent of Caesars Baltimore is CSC-Lawyers Incorporating Service Company located at 7 St. Paul Street, Suite 820, Baltimore, Maryland 21202. See Exhibit "B." Plaintiff failed to serve process on Caesars Baltimore's registered agent, despite this Honorable Court's instructions to Plaintiff in its February 22, 2022 Order stating that he may contact the State Department of Assessments and Taxation to obtain the name and service address for the resident agent of the corporate defendant. (ECF No. 3.) Plaintiff's service of process was insufficient and, thus, this Court lacks personal jurisdiction to adjudicate this case. Accordingly, Plaintiff's lawsuit should be dismissed.

### C. Defendant is entitled to summary judgment on all of Plaintiff's claims pursuant to Fed. R. Civ. P. 56.

#### 1. Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *see also Formica v. Aylor*, 739 F. App'x 745, 754 (4th Cir. 2018); *Iraq Middle Mkt. Dev. Found v. Harmoosh*, 848 F.3d 235, 238 (4th Cir. 2017). To avoid summary judgment, the nonmoving party must demonstrate that there is a genuine dispute of material fact so as to preclude the award of summary judgment as a matter of law. *Ricci v. DeStefano*, 557 U.S. 557, 585-86 (2009); *see also Gordon v. CIGNA Corp.*, 890 F.3d 463, 470 (4th Cir. 2018).

The Supreme Court has clarified that not every factual dispute will defeat a summary judgment motion. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* at 248. The district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *accord Guessous v. Fairview Prop. Invs.*, LLC, 828 F.3d 208, 216 (4th Cir.).

### 2. Summary Judgment in Caesars Baltimore's favor is warranted as Plaintiff filed this lawsuit against, and served process on, the wrong corporate entity.

Caesars Baltimore is entitled to summary judgment as Plaintiff filed this lawsuit against (and served process on) the wrong Defendant. As previously mentioned, Plaintiff's employer at the time of the alleged discriminatory termination of his employment was Caesars Baltimore Management Company LLC—not Horseshoe Casino Baltimore. The latter is simply a Registered Trade Name. Process was improperly and incorrectly served on the Trade Name not the corporate entity on or about March 24, 2022.

Throughout the course of his employment with Caesars Baltimore Management Company LLC, Plaintiff was provided with notice and evidence of the identity of his employer. As such, there is no genuine issue of material fact as to whether Horseshoe Casino unlawfully terminated Plaintiff's employment on November 9, 2019 because Horseshoe Casino did not and could not employ Plaintiff.

Accordingly, Caesars Baltimore is entitled to summary judgment against Plaintiff's lawsuit.

### 3. Summary Judgment in Caesars Baltimore's favor is warranted as there is no genuine issue of material fact.

As previously stated, Plaintiff fails to assert any specific facts or details as to the basis of his lawsuit against Horseshoe Casino for the alleged discriminatory termination of his employment on November 9, 2019. Plaintiff fails to state a claim upon which relief can be granted and fails to plead a *prima facie* case under Title VII, the ADA or the FMLA. Accordingly, as Plaintiff has failed to provide any facts or details in support of his lawsuit against Defendant, there is no genuine issue of material fact. Thus, Defendant is entitled to summary judgment. *See Ricci*, 557 U.S. at 585-86; *see also Gordon*, 890 F.3d at 470.

For the above reasons, Caesars Baltimore Management Company LLC is entitled to summary judgment as to Plaintiff's lawsuit.

## IV. CONCLUSION

WHEREFORE, Defendant Caesars Baltimore Management Company LLC asks that Plaintiff's Complaint be dismissed, with attorney's fees and costs awarded to Defendant Horseshoe Casino Baltimore.

Respectfully submitted,

*/s/ Donald F. Burke*

Donald F. Burke (Federal Bar No. 08454)
Semmes, Bowen & Semmes, P.C.
25 S. Charles Street, Suite 1400
Baltimore, Maryland 21201
Telephone No. (410) 539-5040
Facsimile No. (410) 539-5223
dburke@semmes.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of April, 2022 a copy of Defendant's Memorandum of Law in Support of Motion to Dismiss Based on Failure to State a Claim and Lack of Personal Jurisdiction or, in the Alternative, Motion for Summary Judgment was served by first class mail, postage prepaid on:

>Daman G. Harried
>622 West Franklin Street
>Unit 3
>Baltimore, MD  21201

_/s/ Donald F. Burke_
Donald F. Burke

B2753236.DOCX